IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE: | |
| LIVEMERCIAL AVIATION HOLDING, LLC, | CASE NO. 10-20051-JPK |
| | Chapter 11 |
| Debtor. | |

### DEBTOR'S MOTION TO DISMISS CASE

Livemercial Aviation Holding, LLC (the "**Debtor**"), by and through its attorneys, moves this Court to enter an order for a voluntary dismissal of this Chapter 11 Bankruptcy Case, pursuant to 11 U.S.C. § 1112(b)(1) and, in support thereof, McNay states as follows:

1. On January 11, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor has been operating its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no Trustee, Examiner, Creditors Committee or Ombudsperson has been appointed.

3. The Debtor is a holding company which owns a recently refurbished Dornier 328 jet airplane (the "**Plane**"). National City Commercial Capital Company, LLC (the "**Bank**") has a security interest in the Plane.

4. On January 1, 2010, the day after a forbearance agreement between the Bank and the Debtor expired, the Bank repossessed the Plane. The Debtor filed this case to recover the Plane so it could be properly maintained and sold in a commercially reasonable manner, for the benefit of all creditors of the estate and parties in interest in this case.

5. During this case, the Debtor and the Bank entered into a forbearance agreement, which allowed the Debtor to continue to possess the Plane and market it for sale, while making certain payments to the Bank. Since the Debtor has no normal operating income and no liquid assets,

it was unable to continue the payment schedule as agreed to by the parties. Consequently, the Debtor voluntarily turned over the Plane to the Bank for a foreclosure sale, in accordance with the agreement previously approved by this Court.

6. Bankruptcy Code §1112(b) states that "after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested … dismissal is not in the best interests of creditors and the estate, the court shall … dismiss a case under this chapter" if it is in the best interests of the creditors and the estate, if the movant establishes cause. 11 U.S.C. §1112(b)(1). Cause to dismiss, includes substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C. §1112(b)(4)(A).

7. In this case, cause for dismissal exists. Without the Plane, the Debtor has no assets and no reasonable likelihood of rehabilitation. The Bank is by far the largest creditor of the estate. Absent the debt the Debtor owes to the Bank, the Debtor has few creditors and minimal liabilities, which are all related to the Plane. Without proceeds from the sale of the Plane, there are no assets to distribute to creditors and this bankruptcy case is unnecessary.

WHEREFORE, the Debtor respectfully requests that this Court enter an order pursuant to § 1112(b) of the Bankruptcy Code dismissing this Chapter 11 case and for such other relief the Court deems just and appropriate.

Respectfully submitted,

LIVEMERCIAL AVIATION HOLDING, INC.,
Debtor and Debtor-in-Possession

By:_____/s/ Shelly A. DeRousse_____
One of its Attorneys

Scott N. Schreiber
Shelly A. DeRousse
Stahl Cowen Crowley Addis LLC
55 West Monroe Street – Suite 1200
Chicago, Illinois 60603
Tel: (312) 641-0060
Fax: (312) 641-6859

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE:

LIVEMERCIAL AVIATION HOLDING, LLC,

      Debtor.

CASE NO. 10-20051-JPK

Chapter 11

**ORDER DISMISSING BANKRUPTCY CASE**

Upon consideration of Livemercial Aviation Holding, LLC's (the "**Debtor**") Motion to Dismiss Case (the "**Motion**") and due notice having been given to all entitled thereto;

IT IS HEREBY ORDERED:

(1) The Motion is granted;

(2) Notice of the Motion was sufficient pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure; and

(3) This Chapter 11 case is hereby dismissed.

DATED:_____                    ENTERED:

                                                                         _____
                                                                           Honorable J. Philip Klingeberger